**JADE AIRCRAFT SALES, INC.**

v.

**CITY OF BRIDGEPORT, et al.**

Civ. No. 5–83–454 (WWE).

United States District Court, D. Connecticut.

March 1, 1994.

Gary A. Mastronardi, Bridgeport, CT, for plaintiff.

Barbara Brazzel–Massaro, Office Of The City Atty., Bridgeport, CT, David S. Golub, Silver, Golub & Teitell, Stamford, CT, Tanina Rostain, University Of Connecticut Civil Rights Clinic, School Of Law, Hartford, CT, and Raymond B. Rubens, Office Of The City Atty., Bridgeport, CT, for defendants.

## RULING ON PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

EGINTON, Senior District Judge.

Plaintiff, Jade Aircraft Sales, Inc., brought this action against defendants City of Bridgeport, the Sikorsky Memorial Airport Commission ("Airport Commission"), Nicholas Mainiero and Morgan Kaolian pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants denied it access to the runway at Sikorsky Airport for constitutionally impermissible reasons. The case was tried to a jury which returned a verdict for the plaintiff.

## FACTS

The jury found the following facts. As the owner of land adjacent to Sikorsky Airport ("airport"), plaintiff sought access to the airport's runway. Plaintiff had hoped to operate a business that would service airplanes. Thwarting plaintiff's efforts, defendants engaged in a course of action designed to acquire plaintiff's property at a price that would fall below the standards of just compensation.

First, defendants conditioned the grant of runway access on plaintiff's agreement to convey its land to Bridgeport without just compensation. The condition did not substantially advance a legitimate municipal purpose. Nor was the condition rationally related to such a purpose. Second, defendants denied plaintiff runway access in hopes that they could depress the value of plaintiff's land. Defendants planned to later acquire plaintiff's property at the depressed price. The denial of runway access neither substantially advanced nor was rationally related to a legitimate municipal purpose.

The jury awarded plaintiff $2 million in compensatory damages. The jury also assessed punitive damages against defendants

Mainiero and Kaolian in the amount of $37,-900 each. Judgment entered accordingly.

In the wake of the jury verdict, plaintiff has moved for a permanent injunction. Specifically, plaintiff seeks to require the City of Bridgeport and the Airport Commission to negotiate a lease agreement through which plaintiff would gain access to the airport's runway. Under the terms of the proposed permanent injunction, defendants City of Bridgeport and the Airport Commission would grant plaintiff runway access in exchange for payments at fair market value. Plaintiff would also agree to use its property and its access rights in compliance with all applicable regulations.

## DISCUSSION

In this case, a threshold issue is whether plaintiff has established a constitutional violation. If so, then the question evolves to whether plaintiff has demonstrated both the lack of an adequate remedy at law and the presence of a continuing irreparable injury. "To obtain injunctive relief based on past injury, the plaintiff must show a real and immediate threat that the injury will be continued or repeated." *Farmland Dairies, Inc. v. McGuire,* 789 F.Supp. 1243, 1250 (S.D.N.Y.1992); *see also Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506–507, 79 S.Ct. 948, 954–955, 3 L.Ed.2d 988 (1959).

■ In the present case, the jury found that defendants violated plaintiff's constitutional rights. Defendants conditioned the grant of runway access on plaintiff's conveyance of its land to Bridgeport. In essence, defendants imposed a choice between the receipt of a governmental benefit, i.e., runway access, and the exercise of a constitutional right, i.e., the right to demand just compensation. Because the condition neither substantially advanced nor was rationally related to a legitimate municipal purpose, the condition was unconstitutional. *Nollan v. California Coastal Comm'n,* 483 U.S. 825, 834 n. 3, 107 S.Ct. 3141, 3147 n. 3, 97 L.Ed.2d 677 (1987) (pronouncing "substantially advances" test for unconstitutional conditions); *Parks v. Watson,* 716 F.2d 646, 652 (9th Cir.1983) (using "rational relationship" test

for analysis of unconstitutional condition); *see also Commercial Builders v. Sacramento*, 941 F.2d 872, 874 (9th Cir.1991) (holding that *Nollan* did not materially change the level of scrutiny set forth in *Parks* ), *cert. denied*, — U.S. —, 112 S.Ct. 1997, 118 L.Ed.2d 593 (1992); *Dolan v. Tigard*, 317 Or. 110, 854 P.2d 437 (same), *cert. denied*, — U.S. —, 114 S.Ct. 544, 126 L.Ed.2d 446 (1993).

 In responding to plaintiff's interest in runway access, defendants also pursued a course of action designed to depress the value of plaintiff's property. Defendants did so in order to later acquire plaintiff's property at the depressed price. In light of the jury's findings, it is clear that defendants violated plaintiff's constitutional rights. *Archer Gardens, Ltd. v. Brooklyn Center Dev. Corp.*, 468 F.Supp. 609, 612–13 (S.D.N.Y.1979).

Notwithstanding the violation of plaintiff's constitutional rights, the circumstances of this case do not warrant the issuance of a permanent injunction. The jury's award of $2 million constitutes an adequate legal remedy. The jury rectified the injustice at issue by awarding damages on the basis of plaintiff's lost net rental income and the difference between the cost of construction at the time of the alleged fifth amendment violation and the current cost of construction. The court cautioned the jury to award damages to the extent that they are reasonably quantifiable and now presumes that the jury succeeded in doing so. Because the jury was able to calculate plaintiff's economic damages with an adequate degree of precision, plaintiff cannot contend persuasively that its legal remedy is inadequate. *Borey v. Nat'l Union Fire Ins. Co*, 934 F.2d 30, 34 (2d Cir.1991).

In addition, more than 10 years has past since defendants thwarted plaintiff's efforts to gain runway access. All of the key players in this case have since relinquished their authority over airport policy and procedure. There is no reason to believe that if plaintiff now applies for runway access, it will again endure a similar constitutional injury. Absent a threat of continuing or future injury, a permanent injunction is unwarranted.

*O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974); *Farmland Dairies, Inc.*, 789 F.Supp. at 1250.

Given the multitude of safety concerns at stake in the operation of an airport, a judicial directive that the City grant plaintiff runway access is not an appropriate remedy. It is the Airport Commission and the zoning authorities that have the discretion to grant or deny the plaintiff runway access for legitimate municipal reasons. In view of this discretion, plaintiff does not have a property right to runway access. *Walentas v. Lipper*, 862 F.2d 414, 419 (2d Cir.1988), *cert. denied*, 490 U.S. 1021, 109 S.Ct. 1747, 104 L.Ed.2d 183 (1989). Whether plaintiff is entitled to runway access is a decision properly left to the Airport Commission and the zoning authorities, provided that they do not deny access for a constitutionally impermissible reason.

## CONCLUSION

For the reasons stated herein, plaintiff's motion for a permanent [# 464] injunction is DENIED.