**Larry BARRETT, Plaintiff,**

v.

**Danny Lynn FIELDS, Individually and as Sheriff of Crawford County, Kansas; Eugene H. "Sandy" Horton, Individually and as Undersheriff of Crawford County, Kansas; Eldon Bedene, Individually and in His Official Capacity with the Crawford County Sheriff's Department, Defendants.**

No. 95–2028–KHV.

United States District Court, D. Kansas.

Aug. 9, 1996.

Order Denying Reconsideration Aug. 29, 1996.

---

David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, Glenn B. Brown, Kendall Law Office, Indianapolis, IN, for plaintiff Larry Barrett.

Mary L. Barrier, William E. Hanna, Morrison & Hecker L.L.P., Kansas City, MO, Alan L. Rupe, Morrison & Hecker L.L.P., Wichita, KS, David P. Madden, Michael K. Seck, Fisher, Patterson, Sayler & Smith, Overland Park, KS, James L. Emerson, Office of County Counselor, Girard, KS, for defendants Danny Lynn Fields, Eugene H. Horton, Eldon Bedene.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

 This matter comes before the Court on plaintiff's request for injunctive relief under 42 U.S.C. § 1983 and 15 U.S.C. § 26.[1] *See Plaintiff's Suggested Findings Of Fact And Brief In Support Of Injunctive Relief* (Doc. # 127) filed December 29, 1996. In the form of injunctive relief, plaintiff requests that the Court (1) require that defendants make available and post the Court's order in all areas frequented by sheriff deputies and dispatchers; (2) require sheriff employees to provide persons who need tow or wrecker services a proposed selection form which will allow them to select from available operators in a non-suggestive and non-discriminatory manner; (3) require defendants to provide public access to a duplicate copy of all tow logs, preference lists, referral policies, and any other forms and documents relevant to tow or wrecker calls; and (4) enjoin defendants from discriminating against plaintiff, suggesting that plaintiff is not available, and/or threatening any person who may seek to refer calls to any requested wrecker.

For reasons stated below, plaintiff's request for injunctive relief is denied.

## A. PROCEDURAL BACKGROUND

On December 8, 1995, the jury found after a five day trial that defendants Danny Lynn Fields, Eugene H. "Sandy" Horton, and Eldon Bedene, individually and in their official capacities for Crawford County, Kansas, conspired to restrain trade and monopolize towing business in Crawford County in violation of Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2. Plaintiff did not request damages on the antitrust claims; however, the jury awarded compensatory and punitive damages against Fields and

---

1. Defendants argue that plaintiff may not seek injunctive relief under 15 U.S.C. § 26, because he did not request such relief in the pretrial order. The pretrial order recites that plaintiff seeks injunctive relief under 42 U.S.C. § 1983, but it makes no mention of injunctive relief under 15 U.S.C. § 26. *See Pretrial Order*, p. 3 (Doc. # 41) filed October 4, 1995. Plaintiff contends that the *Amended Complaint* (Doc. # 30) filed August 7, 1995, provides notice of his claim for antitrust injunctive relief. Although the pretrial order controls the subsequent course of the action, Fed.R.Civ.P. 16(e), the pleadings may be treated as having been amended to include new issues when those issues are presented in evidence and the parties either expressly or impliedly consent to their presence in the trial, Fed. R.Civ.P. 15(b), and this rule may be invoked to effect an amendment of the pretrial order. *Courtney v. Safelite Glass Corp.*, 811 F.Supp. 1466, 1473 (D.Kan.1992).

Defendants' actions throughout the course of this litigation demonstrate their assumption that plaintiff sought antitrust injunctive relief. They argued against antitrust injunctive relief in their motion for summary judgment filed six days after the pretrial order. *See Memorandum In Support Of Defendants' Motion For Summary Judgment*, p. 14 (Doc. # 43) filed October 10, 1995. At the jury instruction conference, defendants did not object to statements by plaintiff's attorney that plaintiff was waiving his claim for antitrust damages but still sought injunctive relief and attorneys fees under antitrust law. After trial, when plaintiff proposed an entry of judgment which included injunctive relief, defendants did not argue that antitrust injunctive relief was not part of plaintiff's case (although they did object to one specific part of the proposed injunctive relief). *See Defendants' Objections To Plaintiff's Proposed Judgment On Jury Verdict With Injunctive Relief*, p. 2 (Doc. # 115) filed December 13, 1995. In short, defendants have operated under the assumption that plaintiff sought antitrust injunctive relief in this case and are not prejudiced by the Court's consideration of that claim in this order.

Horton, individually and in their official capacities, on plaintiff's claim under 42 U.S.C. § 1983 for violation of his First Amendment rights.[2]

## B. FACTS [3]

From 1986 through 1994, Horton, Fields, and Bedene conspired with Brownie's Garage and Frontenac's Garage to divide the most lucrative tow business in the county between Brownie's and Frontenac's.[4] As a result of the conspiracy and in retaliation for plaintiff's protected political expression, Horton, Fields and Bedene refused to refer nonpreference towing business to plaintiff and interfered with customer requests for plaintiff's services.

In 1995, the Sheriff's Department implemented a new rotation system which includes all towing services in the county. The new policy requires the dispatcher to divide semi-trailer calls between plaintiff and Payne's. In August or September of 1995, however, Horton instructed the dispatcher to call only Payne's, although plaintiff clearly has the capability to tow semi-trailers. The new policy also requires that deputies give an "availability of vehicular tow" form to persons in need of tow services. Niles Stockinger, a resident of Crawford County, testified that he was not given such a form when he was involved in an automobile accident on January 15, 1995. Stockinger did not know who to call and relied on a deputy to call a tow service for him. The deputy called Brownie's and Frontenac's.

## C. DISCUSSION

The decision to grant or deny a request for injunctive relief rests within the sound discretion of the district court. *Prows v. Federal Bureau of Prisons,* 981 F.2d 466, 468 (10th Cir.1992), *cert. denied,* 510 U.S. 830, 114 S.Ct. 98, 126 L.Ed.2d 65 (1993). In determining whether to grant such relief, the court must balance the competing claims of injury and consider the effect on each party of granting or withholding injunctive relief. *Amoco Production Co. v. Village of Gambell,* 480 U.S. 531, 542, 107 S.Ct. 1396, 1402, 94 L.Ed.2d 542 (1987); *Tyler v. City of Manhattan,* 857 F.Supp. 800, 820 (D.Kan.1994).

Both 15 U.S.C. § 26 and 42 U.S.C. § 1983 authorize injunctive relief upon demonstration of threatened future injury. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 130, 89 S.Ct. 1562, 1580, 23 L.Ed.2d 129 (1969) (to obtain injunction under 15 U.S.C. § 26 plaintiff must demonstrate significant threat of injury from impending violation or contemporary violation which is likely to continue or recur); *Facio v. Jones,* 929 F.2d 541, 544 (10th Cir.1991) (to obtain injunction under 42 U.S.C. § 1983 plaintiff must demonstrate good chance of being injured in future). In order to obtain such relief, plaintiff must show a likelihood of substantial and immediate irreparable injury and lack of adequate legal remedies. *O'Shea v. Littleton,* 414 U.S. 488, 502, 94 S.Ct. 669, 679, 38 L.Ed.2d 674 (1974). Injunctive relief is not warranted absent a threat of continuing or future injury, *see O'Shea,* 414 U.S. at 496, 94 S.Ct. at 676, and generally, parties whose injuries can be rectified by an award of monetary damages have an adequate remedy at law. *See, e.g., Lewis v. S.S. Baune,* 534 F.2d 1115, 1124 (5th Cir.1976); *Jade Aircraft Sales, Inc. v. City of Bridgeport,* 849 F.Supp. 10, 12 (D.Conn.1994); 11A Charles A Wright, *et al., Federal Practice and Procedure* § 2944 at 83 (1995).

Plaintiff contends that the jury verdict clearly demonstrates that he has been harmed by defendants' unlawful conduct and

---

2. The jury also awarded damages against Fields, Horton, and Bedene, individually and in their official capacities, on plaintiff's § 1983 claim for deprivation of liberty and/or property without due process of law; however, the Court sustained defendants' motion for judgment as a matter of law on that claim. *See Memorandum and Order* (Doc. # 187) filed April 16, 1996.

3. The Court accepts plaintiff's proposed factual findings as true. *See Plaintiff's Suggested Find-*

*ings Of Fact And Brief In Support Of Injunctive Relief* (Doc. # 127), pp. 1–12.

4. Between 1989 and 1994, defendants also split nonpreference bail bonding referrals between two political supporters of the sheriff. Jailers were instructed to make mock phone calls about the unavailability of Karl Gregory, a bondsman who did not support the sheriff.

that he has no reason to believe that such conduct will not continue. *See Plaintiff's Suggested Findings Of Fact And Brief In Support Of Injunctive Relief* (Doc. # 127) at p. 18. Unfortunately for plaintiff, this is not the appropriate standard for granting injunctive relief. As outlined above, plaintiff must establish both a threat of irreparable harm and lack of adequate legal remedies. Plaintiff fails to demonstrate either.

█ Plaintiff asserts that he believes sheriff deputies are currently ignoring customer requests for his services and that he fears defendants will resort to some other type of discriminatory referral system. Plaintiff's subjective beliefs and fears, however, are not sufficient evidence upon which to grant injunctive relief. *See, e.g., Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.,* 670 F.2d 642, 649 (6th Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 231, 74 L.Ed.2d 182 (1982).

Plaintiff argues that defendants' conduct under the new 1995 policy demonstrates a threat of continuing or future injury. At trial, plaintiff established (1) that in August or September of 1995, Horton arbitrarily removed his name from the referral list for semi-truck calls; (2) that there is no logical reason to divide the county into two sectors under the 1995 policy; and (3) that in January, 1995, a sheriff deputy did not give Niles Stockinger an availability of vehicular tow form and called Frontenac's and Brownie's to tow the car. While this evidence supports a conclusion that defendants retaliated against plaintiff in 1995, it does not establish that defendants' conduct will continue or recur in the future.

Moreover, even if the evidence established that defendants' unlawful conduct would likely continue, plaintiff has not demonstrated that he faces a threat of irreparable injury or that he lacks an adequate legal remedy. In attempt to demonstrate threat of irreparable harm, plaintiff cites his competitor who went out of business as a result of defendants' actions. The evidence establishes that plaintiff's business survived more than four years of defendants' unlawful conduct, however,

and the jury verdict has fairly compensated plaintiff for his losses during that time. If faced with similar conduct in the future, plaintiff is free to again file suit and recover damages against defendants.[5]

In sum, the Court has no basis upon which to find that defendants will continue their unlawful conduct. Moreover, even if plaintiff had established a threat of continued injury, he has not demonstrated that such injury is irreparable or that he lacks an adequate legal remedy to redress such injury.

**IT IS THEREFORE ORDERED** that plaintiff's request for injunctive relief be and hereby is denied.

### MEMORANDUM AND ORDER ON RECONSIDERATION

This matter comes before the Court on *Plaintiff's Motion To Reconsider Or To Alter Or Amend Judgment On Injunctive Relief* (Doc. # 203) filed August 22, 1996. On August 8, 1996, the Court denied plaintiff's request for injunctive relief because plaintiff failed to establish (1) that defendants' unlawful conduct will continue or recur in the future; (2) that plaintiff faces a threat of irreparable injury; and/or (3) that plaintiff lacks an adequate remedy at law. *See Memorandum and Order* (Doc. # 201). Plaintiff urges the Court to reconsider that order, asserting that evidence acquired since trial establishes a continuing violation by defendants.

█ Whether to grant a motion to reconsider is committed to the Court's sound discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). Reconsideration is proper when the Court has obviously misapprehended a party's position, the facts, or the applicable law, or when a party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990). A party cannot use a motion to reconsider to raise arguments or evidence that should have been raised in the first instance or to re-hash

5. Of course, a court faced with a request for injunctive relief in that situation may be more

likely to find that defendants' unlawful conduct will continue or recur.

arguments previously considered and rejected by the Court. *See All West Pet Supply Co. v. Hill's Pet Products Div., Colgate–Palmolive Co.*, 847 F.Supp. 858, 860 (D.Kan. 1994).

 After trial, the Court requested the parties to brief the issue of injunctive relief. Plaintiff filed his brief on December 29, 1995. *See Plaintiff's Suggested Findings Of Fact And Brief In Support Of Injunctive Relief* (Doc. # 127). During the eight months after plaintiff filed his brief, plaintiff contends that defendants have engaged in wrongful conduct which supports his request for injunctive relief. Plaintiff does not explain why he failed to supplement the record before the Court ruled on the issue, stating only that he did not believe he was required to continually supply affidavits of defendants' conduct. The Court agrees that plaintiff was not obligated to continuously file affidavits with the Court; however, he certainly had a duty to notify the Court of any change in relevant facts that he could have known through the exercise of due diligence. Plaintiff has not articulated a sufficient explanation for his failure to submit the additional evidence before the Court rendered its original decision; thus, his motion to reconsider should be denied. *See Committee For The First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir.1992) (district court did not abuse discretion in denying motion to reconsider where plaintiffs did not demonstrate that additional evidence was newly discovered or unavailable through exercise of due diligence).

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion To Reconsider Or To Alter Or Amend Judgment On Injunctive Relief* (Doc. # 203) filed August 22, 1996, be and hereby is overruled.