**Drucilla B. ACHEY and James F. Achey, Plaintiffs,**

v.

**LINN COUNTY BANK, DSP Investments Ltd., Donald M. Pease, Susan R. Pease, Robert Teagarden, Patrick Foreman, and Donna Sue Foreman, Defendants.**

**Civil Action No. 95–2204–GTV.**

United States District Court, D. Kansas.

Aug. 15, 1997.

W. Joseph Hatley, Mark A. Ferguson, Lathrop & Gage L.C., Charles F. Zarter, Swanson, Midgley, Gangwere, Kitchin & McLarney, L.L.C., Overland Park, KS, for Plaintiffs.

H. Boone Porter, III, Louis A. Cohn, Lewis, Rice & Fingersh, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

The case is before the court upon plaintiffs' "motion to vacate judgment and for reconsideration" pursuant to Fed.R.Civ.P. 59(e) and D. Kan. R. 7.3 [1] (Doc. 51). Plaintiffs' reconsideration request, properly filed under Rule 59(e), is more appropriately titled a motion to alter or amend judgment. *See Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861 (10th Cir.1995) (Federal Rules of Civil Procedure do not recognize a motion to reconsider) (citation omitted). For the reasons set forth below, the motion is granted in part and denied in part.

In a memorandum and order filed March 12, 1997 (Doc. 48), the court granted defendants' motion to dismiss. Plaintiffs had filed suit against defendants requesting a declaratory judgment that a reverse stock split eliminating their bank shares violated Kansas law. Based upon the alleged violation, plaintiffs asserted claims of breach of fiduciary duty, conspiracy to breach fiduciary duty, and unjust enrichment. Plaintiffs sought injunctive relief, an accounting, and monetary damages.

Prior to ruling upon defendants' motion to dismiss, the court, sua sponte, certified questions to the Kansas Supreme Court concerning the legality under Kansas law of a reverse stock split that reduces the number of outstanding shares and that eliminates minority shareholders against their will (Doc. 44). After the Kansas Supreme Court held that the reverse stock split was not illegal under the facts of the case, *Achey v. Linn County Bank*, 261 Kan. 669, 931 P.2d 16 (1997), this court granted defendants' motion to dismiss (Doc. 48).

■ A motion to alter or amend under Rule 59(e) does not permit the losing litigant to rehash arguments previously addressed and rejected or to present new legal theories or facts that could have been raised earlier. A motion to alter or amend presents the court with the opportunity to rectify manifest errors of law or fact and to review evidence newly discovered. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450–51, 102 S.Ct. 1162, 1165–66, 71 L.Ed.2d 325 (1982); *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir.1996), cert. denied, — U.S. —, 117 S.Ct. 1461, 137 L.Ed.2d 564 (1997); *Barrett v. Fields*, 941 F.Supp. 980, 984–85 (D.Kan.1996). Whether to grant a Rule 59(e) motion is within the court's discretion. *Brown*, 101 F.3d at 1331.

Plaintiffs argue that reconsideration is needed to correct clear error. They aver that the court erred in construing their complaint as predicating all claims upon the reverse stock split. Plaintiffs declare that their breach of fiduciary duty claims also encompass the substantive fairness of the reverse stock split.

■ The complaint alleges that defendants breached their fiduciary duty to plaintiffs by causing the illegal reverse stock split, acting without a legitimate business purpose, failing to establish fair value for the stock, and causing the reverse stock split for the purpose of freezing out minority stockholders. Plaintiffs allege that DSP Investments, Ltd. also breached its fiduciary duty based upon a conflict of interest and conspiracy with Donald M. Pease and Susan R. Pease. (Doc. 1, ¶¶ 72 & 79.) Although all of plaintiffs' claims emanate from the allegedly illegal reverse stock split, the court agrees that plaintiffs' claims are broader than the reverse stock split's per se legality. Presumably, plaintiffs are claiming that defendants breached their duty of good faith and fair dealing or their duty to exercise due care and diligence. *See* 2 James K. Logan, Alson R. Martin & Daniel R. Ray, *Kansas Corporation Law & Practice* §§ 7.53 to 7.66 (3d ed.1988). In the interests of justice, the court will permit plaintiffs to proceed with Counts II–VI to the extent these counts do not challenge the per se legality of the reverse stock split. Count I, the declaratory judgment claim, remains dismissed from this action.

---

1. "Although many parties cite to the rule erroneously, Rule 7.3, which has standards identical to those of Fed.R.Civ.P. 59(e), was enacted to handle exclusively non-dispositive judgments and orders." *Steele v. Ellis*, 961 F.Supp. 1458, 1467 (D.Kan.1997).

The court notes that this ruling does not necessarily mean the case will proceed to trial. The business judgment rule or another defense may preclude some or all of plaintiffs' remaining claims. Defendants' Rule 12(b)(6) motion to dismiss, however, is not the proper vehicle for making that determination. Plaintiffs have stated claims upon which relief may be granted.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiffs' motion to vacate judgment and for reconsideration (Doc. 51) is granted in part and denied in part.

IT IS FURTHER ORDERED that the clerk is directed to vacate the entry of judgment against plaintiffs.

IT IS FURTHER ORDERED that Count I is dismissed. Plaintiffs may proceed on Counts II through VI as set forth in this order.

The clerk shall mail copies of this order to counsel of record.

**IT IS SO ORDERED.**