Earl S. FIELDS, Plaintiff,

v.

The ATCHISON, TOPEKA, AND SANTA FE RAILWAY COMPANY, Terry Reardon, Burton L. Buser, Paul Hoferer, and John Does 1–10, Defendants,

and

Linda MCVICKER, Plaintiff,

v.

Burton L. BUSER, and John Does 1–10, Defendants.

Nos. CIV.A. 95–4026–GTV, CIV.A. 95–4027–GTV.

United States District Court, D. Kansas.

March 31, 1998.

Jean A. Lamfers, Lamfers & Maneke, L.C., Kansas City, MO, for Earl Fields.

Nola Wright Viola, Frieden, Haynes & Forbes, Topeka, KS, James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS, Paul R. Hoferer, Burlington Northern Santa Fe R.R., Ft. Worth, TX, for Atchison, Topeka and Santa Fe R. Co.

Jonathan B. Phelps, Phelps–Chartered, Topeka, KS, for Burton L. Buser.

### ORDER

VAN BEBBER, Chief Judge.

The case is before the court on plaintiff's motion to reconsider (Doc. 240) the court's November 25, 1997 Memorandum and Order. For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

■ Plaintiff erroneously brings this motion pursuant to District of Kansas Rule 7.3. D. Kan. Rule 7.3, which has standards identical to those of Fed. R. Civ. Pro. 59(e), was enacted to handle exclusively non-dispositive judgments and orders. *Steele v. Ellis,* 961 F.Supp. 1458, 1467 (D.Kan.1997). Because the motion was filed within ten days of judgment, the court will consider plaintiff's mo-

tion as a motion pursuant to Fed.R.Civ.P. 59(e), to alter or amend the judgment.

A motion to alter or amend presents the court with the opportunity to rectify manifest errors of law or fact and to review evidence newly discovered. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450–51, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1461, 137 L.Ed.2d 564 (1997); *Barrett v. Fields,* 941 F.Supp. 980, 984–85 (D.Kan. 1996). It is not a vehicle for the losing litigant to rehash arguments previously addressed and rejected or to present new legal theories or facts that could have been raised earlier. The decision whether to grant or deny a Rule 59(e) motion to alter or amend the judgment is committed to the court's sound discretion. *Brown,* 101 F.3d at 1331.

Plaintiff claims reconsideration is required to correct the court's clear error and to prevent manifest injustice. Specifically, plaintiff seeks reconsideration of the court's grant of summary judgment as to (1) the punitive damages claims against all three defendants, (2) the invasion of privacy claims against all three defendants, and (3) the claim against defendant Hoferer brought pursuant to state and federal wiretap statutes. The court concludes that it properly considered all the relevant evidence and that the decision to grant summary judgment as to the invasion of privacy claims and the wiretap claims against defendant Hoferer was warranted and just. The court further concludes that it erred in dismissing plaintiff's punitive damages claim against defendants Reardon and Santa Fe.[1]

In the November 25, 1997 Memorandum and Order, the court granted summary judgment on plaintiff's punitive damages claim due to plaintiff's failure to comply with Fed.R.Civ.P. 26. This ruling was in error. The court should have not granted summary judgment on plaintiff's failure to calculate requested punitive damages. Accordingly,

that part of the court's November 25, 1997 Memorandum and Order granting summary judgment on plaintiff's claims for punitive damages against defendants Santa Fe and Reardon is withdrawn.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to reconsider (Doc. 240) is granted in part and denied in part.

IT IS FURTHER ORDERED that section "E" of the court's November 25, 1997 Memorandum and Order (Doc. 238), which granted summary judgment as to plaintiff's punitive damages claims against defendants Santa Fe and Reardon, is withdrawn.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**

---

1. Plaintiff's also requests that the court reinstate his punitive damages claim against defendant Hoferer. This request is moot as the court granted summary judgment as to all claims against defendant Hoferer.