**Dale E. McCORMICK and Curtis A. Kastl II, Plaintiffs,**

v.

**CITY OF LAWRENCE, et al., Defendants.**

**No. CIV.A.03–2195–GTV.**

United States District Court, D. Kansas.

Sept. 30, 2003.

Dale E. McCormick, pro se, Curtis A. Kastl, II, pro se, Lawrence, KS, for Plaintiffs.

Randall F. Larkin, Gerald L. Cooley, Gilliland & Hayes, P.A., Lawrence, KS, for Defendants.

### MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

Plaintiffs Dale E. McCormick and Curtis A. Kastl II, proceeding *pro se*, bring this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs allege that Defendants, Lawrence, Kansas police officers, the City of Lawrence, and an assistant district attorney, violated their First, Fourth, Fifth, and Fourteenth Amendment rights during and after Plaintiffs' arrests in July of 2002 and at various other times. The City of Lawrence and its police officers moved to dismiss Plaintiffs' case, and the court denied the motion in part and granted it in part, dismissing Counts VIII–XI of Plaintiffs' complaint. In the dismissed claims, Plaintiffs requested relief for alleged un-

reasonable searches of video and audio recording devices and their contents. Plaintiffs now ask the court to alter or amend judgment with respect to Counts VIII–XI (Doc. 50). For the following reasons, the court grants Plaintiffs' motion, but dismisses Counts VIII–XI on a different basis.

## I. Standard of Review

Plaintiffs have moved to alter or amend judgment under Fed.R.Civ.P. 59(e). The court has not yet entered judgment in this case. The order from which Plaintiffs seek relief is interlocutory, and the appropriate form of relief is reconsideration of that order pursuant to D. Kan. R. 7.3(b). The court has discretion whether to grant a motion to reconsider. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir.1997).

■ Whether Plaintiffs mislabeled their motion is immaterial. The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995); *Priddy v. Massanari*, No. 99–4195–DES, 2001 WL 1155268, at *2 (D.Kan. Sept.28, 2001). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D.Kan.1998) (citations omitted). But a litigant should not use such a motion to rehash previously rejected arguments or to offer new legal theo-

ries or facts. *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D.Kan.1997).

## II. Discussion

### A. Search of Recording Devices

■ Plaintiffs claim that the court misapprehended their position. They argue that the court only ruled on whether they had a subjective expectation of privacy in the audio and video "tapes," but that their claims for unreasonable search of property were not limited to searches of the video or audio tapes.[1] They submit that their claims were also for searches of the video and audio recording devices and that the court should treat such devices as "containers" or personal computers under Fourth Amendment analysis. According to Plaintiffs, the court should analyze whether Plaintiffs had a privacy interest in the area searched (the recording devices) and not merely in the items found (the content of the video or audio tapes). *See United States v. Horowitz*, 806 F.2d 1222, 1224 (4th Cir.1986) (citation omitted) (describing the appropriate inquiry as "whether the individual had a reasonable expectation of privacy in the area searched, not merely the items found"). The court agrees.

If the court accepts Plaintiffs' allegations as true, as it must, Defendants unlawfully arrested Plaintiffs and seized their recording devices. Defendants then searched Plaintiffs' recording devices without Plaintiffs' consent or a warrant. The court determines that the recording devices are analogous to a closed container. Individuals have a reasonable subjective expectation of privacy in containers that conceal their contents from plain view. *United States v. Ross*, 456 U.S. 798, 822–23, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (citation omitted). The court therefore

---

**1.** Plaintiffs have noted that at least one of their electronic devices utilizes a memory-chip instead of a video tape. For simplicity, the court will refer to the storage devices as "tapes."

concludes that Plaintiffs had a reasonable, subjective expectation of privacy in their recording devices.

## B. Subjective Expectation of Privacy in Audio/Video Tapes

■ Plaintiffs next claim that the court erred in determining that Plaintiffs had no subjective expectation of privacy in the audio and video tapes. Plaintiffs contend that *Walter v. United States,* 447 U.S. 649, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980), is dispositive of the issue.[2] To the extent that a separate claim for search of the audio and video tapes is even actionable, the court disagrees. *But see U.S. v. Manbeck,* 744 F.2d 360, 374 (4th Cir.1984) ("The privacy interest that must be established ... is an interest in the area searched, not an interest in the items found.").

The court previously held that Plaintiffs had no subjective expectation of privacy in the audio and video tapes because the tapes documented public events that the police officers witnessed. The court based its decision in the rationale of three cases, *Rice v. Gercar,* 77 F.3d 483, 1996 WL 67907 (6th Cir. Feb.15, 1996); *United States v. Whitten,* 706 F.2d 1000 (9th Cir. 1983); and *Berglund v. City of Maplewood,* 173 F.Supp.2d 935 (D.Minn.2001). Plaintiffs claim that the cases provide no support or weak support for the court's holding. The court declines to revisit issues addressed in the order on Defendants' motion to dismiss and determines that *Walter* is distinguishable.

In *Walter,* a shipment of obscene films was mistakenly delivered to the wrong address. 447 U.S. at 652, 100 S.Ct. 2395.

The recipient called an FBI agent, who viewed the films with a projector. *Id.* The films were not viewable with the naked eye. *Id.* The Supreme Court held that "the unauthorized exhibition of the films constituted an unreasonable invasion of their owner's constitutionally protected interest in privacy. It was a search; there was no warrant; the owner had not consented; and there were no exigent circumstances." *Id.* at 654, 100 S.Ct. 2395. The Court reiterated that a warrant is required to open sealed packages in the mail. *Id.* (citation omitted). It noted that "[t]he 12 cartons were securely wrapped and sealed, with no labels or markings to indicate the character of their contents. There is no reason why the consignor of such a shipment would have any lesser expectation of privacy than the consignor of an ordinary locked suitcase." *Id.* at 658, 100 S.Ct. 2395.

*Walter* is distinguishable from the instant case for a couple of reasons. First, the *Walter* films did not document public events witnessed by the FBI agent. Second, they were enclosed in boxes and sent through the mail. The court determines that *Walter* is inapposite on the issue of whether Plaintiffs had a subjective expectation of privacy in the tapes.

Plaintiffs argue that they did not limit their claims to the public events on the tapes. *Rice* is again instructive on this issue:

It was inevitable that upon viewing the videotape Officer Carosielli would view footage not relevant to the events surrounding the arrest. To the extent that Officer Carosielli's first viewing of the

**2.** The court admonishes Plaintiffs that they should be mindful of the standards for a motion to reconsider. "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon Maritime Co.,* 177 F.R.D. at 505 (citation omitted).

Plaintiffs have introduced new theories and cited new case law in each brief they have filed regarding these claims. While the court has considered Plaintiffs' arguments this time, it will not continue to entertain motions to reconsider on the basis of arguments that Plaintiffs could have raised earlier.

videotape involved viewing of Rice family events, we find that it was inadvertent and did not violate the Rices' Fourth Amendment rights against unreasonable searches. *See United States v. Henson,* 848 F.2d 1374, 1383–84 (6th Cir.1988) (finding that the inadvertent seizure of documents not relevant to the proceeding did not violate defendant's Fourth Amendment rights), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 784, 102 L.Ed.2d 776 (1989); *Whitten,* 706 F.2d at 1013 (affirming a district court opinion finding no Fourth Amendment violation where officers, after completely rewinding an answering machine tape, inadvertently heard messages other than those they were otherwise entitled to hear). 1996 WL 67907, at *4. Based on this rationale, the court determines that the scope of Plaintiffs' claims is immaterial.

For the above-stated reasons, the court concludes that Plaintiffs are not entitled to relief for their audio/video tape search claims. However, even if Plaintiffs had stated claims for constitutional violations, the court still would dismiss their claims because such claims are not clearly established under qualified immunity jurisprudence.

### C. Qualified Immunity

■ Defendants argue that even if the court determines that Plaintiffs have stated a claim for a constitutional violation, Defendants are entitled to qualified immunity for their actions. The court agrees.

Qualified immunity shields an individual government official performing discretionary functions from liability for civil damages insofar as his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Butler v. City of Prairie Village,* 172 F.3d 736, 745 (10th Cir.1999). The relevant inquiry in this case is whether Plaintiffs' asserted privacy rights were clearly established such that a reasonable person in the police officers' positions would have known that his or her conduct violated those rights. *See Moore v. City of Wynnewood,* 57 F.3d 924, 931 (10th Cir.1995). "In showing that the law was clearly established, the plaintiff does not have to show that the specific action at issue had been held unlawful, but the alleged unlawfulness of the defendant's conduct must be apparent in light of preexisting law." *Armijo v. Wagon Mound Pub. Sch.,* 159 F.3d 1253, 1260 (10th Cir.1998) (citation omitted). "The plaintiff may satisfy his or her burden by showing that there is a Supreme Court or Tenth Circuit opinion on point, or that his or her proposition is supported by the weight of authority from other courts." *Id.* (citation omitted). The court determines that the relevant law was not clearly established in this case.

First, no party has identified a case instructing that a recording device, particularly a device that was used to record public events witnessed by police officers, should be treated like a container or a computer for purposes of Fourth Amendment law. Second, in light of the cases cited by the court in its order on Defendants' motion to dismiss, the law is not clearly established that Plaintiffs have a subjective privacy interest in the contents of the tapes. As explained above, *Walter* is distinguishable and does not provide clear authority for Plaintiffs' position. At least three cases from other courts support Defendants' position. *See Rice,* 1996 WL 67907; *Whitten,* 706 F.2d 1000; *Berglund,* 173 F.Supp.2d 935.

Plaintiffs argue that 42 U.S.C. § 2000aa establishes a right to privacy in their recording devices and tapes. They further argue that such a right is clearly established. Again, the court disagrees and

notes that Plaintiffs did not raise these arguments until their reply brief in support of their motion to alter or amend.

42 U.S.C. § 2000aa provides:

Notwithstanding any other law, it shall be unlawful for a government officer or employee, in connection with the investigation or prosecution of a criminal offense, to search for or seize any work product materials possessed by a person reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication, in or affecting interstate or foreign commerce....

Plaintiffs allege that the statute creates a legitimate expectation of privacy that is "rooted in a 'source outside of the Fourth Amendment, ... to understandings that are recognized and permitted by society.'" *Rice*, 1996 WL 67907, at *6 (Ryan. J., concurring in part and dissenting in part) (quoting *Rakas v. Illinois*, 439 U.S. 128, 144 n. 12, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)).

The court determines that, regardless of whether 42 U.S.C. § 2000aa creates a legitimate expectation of privacy for Plaintiffs, such an expectation is not clearly established. The statute has rarely been cited by the courts, and the dissenting opinion of *Rice* is the only opinion citing the statute in conjunction with a situation similar to the one at hand.

For the foregoing reasons, the court determines that a reasonable person in Defendants' position would not have known that he was violating Plaintiffs' rights by searching the recording devices and their contents without a warrant.

IT IS, THEREFORE, BY THE COURT ORDERED that Plaintiffs' motion to alter or amend judgment (Doc. 50) is granted. The court revises its ruling as noted in this opinion, but still dismisses Counts VIII–XI of Plaintiffs' complaint.

Copies or notice of this order shall be transmitted to counsel of record and *pro se* Plaintiffs.

**IT IS SO ORDERED.**