**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DALE E. MCCORMICK; CURTIS A. KASTL, II,

Plaintiffs - Appellants,

v.

CITY OF LAWRENCE, KANSAS; MIK SHANKS; SCOTT HOFER; WARREN BURKET; JUSTIN STIPANOVICH; DEAN BROWN; MIKE PATTRICK; KIRK FULTZ; MARK KNIGHT; LEO SOUDERS; JAMES WHITE; RON OLIN, Police Chief,

Defendants - Appellees.

No. 04-3279
(D.C. No. 03-CV-2195-GTV)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Dale E. McCormick and Curtis A. Kastl, II, appeal the dismissal of their suit under 42 U.S.C. § 1983 against the City of Lawrence, Kansas; the police chief; several police officers; and an assistant district attorney. The district court resolved the case in a series of detailed and thoughtful orders, dismissing certain claims and entering summary judgment on others. After construing the parties' filings liberally and reviewing the district court's orders *de novo*, we affirm. *See Santana v. City of Tulsa*, 359 F.3d 1241, 1243 (10th Cir. 2004) (stating that this court applies *de novo* review to a district court's grant of summary judgment and Rule 12(b)(6) motions); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring liberal construction of pro see pleadings).

## Background

Plaintiffs consider themselves to be "constitutional rights activists and vocal critics of the Lawrence, Ks., police department." Aplt. Br. at 1. They assert that one or both of them have verbally protested police activity on approximately fifty occasions. They recorded their protests of officers' conducting a sobriety checkpoint on June 28, 2002, and a traffic stop on July 13, 2002. As a result of their activities, plaintiffs allege that police officers have retaliated by threatening plaintiffs with arrest, charging them with crimes,

attacking them, searching their video and audio recording devices, and destroying tapes.

The district court dismissed plaintiffs' claims of unreasonable search and seizure against police officers and malicious prosecution against an assistant district attorney. *McCormick v. City of Lawrence*, 289 F. Supp. 2d 1264, 1268-69 (D. Kan. 2003) (dismissing unreasonable search and seizure claims on qualified immunity grounds); *McCormick v. City of Lawrence*, No. Civ. A 03-2195-GTV, 2003 WL 22466188, *6 (D. Kan. Aug. 14, 2003) (dismissing assistant district attorney based on prosecutorial immunity).

Later, it entered summary judgment on plaintiffs' remaining claims. *McCormick v. City of Lawrence*, 325 F. Supp. 2d 1191 (D. Kan. 2004). The court determined that plaintiffs' allegations did not meet the pattern or injury requirements of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. *Id.* at 1208-09. It also decided defendants were entitled to qualified immunity on plaintiffs' constitutional claims. The First Amendment claims failed because plaintiffs' resort to personal epithets meant that they were "engaged in 'fighting words,' rather than protected speech." *Id.* at 1201(citing *Cohen v. California*, 403 U.S. 15, 20 (1971); *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942)); *see also id.* at 1207. Concerning plaintiffs' claim that defendants destroyed some of their audio and video tapes, the court concluded

that destruction of recordings was not a clearly established First Amendment violation. *Id.* at 1203-04, 1205-06. As to the Fourth Amendment claims, the officers had probable cause to arrest and search plaintiffs, as well as search and seize their recording devices, based on a probable violation of a city ordinance prohibiting interference with an officer's carrying out an official duty. *Id.* at 1204-05. Moreover, the officer's "use of force was reasonable and commensurate with the resistance offered by Plaintiff McCormick," so there was no exercise of excessive force. *Id.* at 1205. Because plaintiffs failed to show constitutional violations on the part of police officers, the claims against the police chief and the municipality were dismissed as a matter of law. *Id.* at 1209. Having disposed of all of plaintiffs' federal claims, the court declined to exercise supplement jurisdiction over their state law claims. *Id.* at 1206.

On appeal, plaintiffs argue that the district court erred in dismissing the unreasonable search of property and malicious prosecution claims. They also assert that summary judgment was improper because their verbal protests were "unequivocally cloaked in 'special protection' by the First Amendment, that such protection has been 'clearly established' for decades, and that no reasonable officer could perceive otherwise." Aplt. Br. at 16.

Having reviewed the briefs, the record, and the applicable law, we conclude that the district court correctly decided this case. We therefore AFFIRM the

-4-

judgment for substantially the same reasons stated by the district court in *McCormick v. City of Lawrence*, 289 F. Supp. 2d 1264; *McCormick v. City of Lawrence*, No. Civ. A 03-2195-GTV, 2003 WL 22466188; and *McCormick v. City of Lawrence*, 325 F. Supp. 2d 1191.

Entered for the Court


Michael R. Murphy
Circuit Judge