**In the Matter of William K. HOLMES, Debtor.**

**William K. Holmes and Airtrek, LLC, Plaintiffs,**

**v.**

**General Electric Capital Corporation, Defendant.**

**Bankruptcy No. 02–52793 RFH.**
**Adversary No. 03–5280.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

July 12, 2006.

Joseph J. Burton, Jr., Rosemary Armstrong, Atlanta, GA, for Plaintiffs.

John F. Isbell, Mark M. Maloney, Atlanta, GA, for Defendant.

## *MEMORANDUM OPINION*

ROBERT F. HERSHNER, JR., Chief Judge.

William K. Holmes and Airtrek, LLC, Plaintiffs, filed on May 2, 2006, their Motion To Amend Pleadings Pursuant To Federal Rule Of Civil Procedure 15(b) and Bankruptcy Rule 7015(b). General Electric Capital Corporation, Defendant, filed its response on May 11, 2006. The Court, having considered the motion, the response, and the applicable law, now publishes this memorandum opinion.

This adversary proceeding came on for a bench trial on April 10, 2006. The Court heard some four and one-half days of testimony. After the close of the evidence, Plaintiffs inquired as to whether they needed to amend their pleadings to include two issues raised at trial. Defendant urged the Court not to consider the two issues. The Court suggested that Plaintiffs could file a motion to amend and that Defendant could file a response. The Court would then consider the merits of Plaintiffs' motion.

Plaintiffs, in their brief in support of their motion to amend, state that they do not believe that amendments of their pleadings [1] and the pretrial order are necessary but seek the relief out of an abundance of caution. Defendant objects to the proposed amendments. Defendant contends that the pretrial order entered following the final pretrial conference controls the issues for the trial of this adversary proceeding. Defendant also contends that Plaintiffs have made no attempt to meet the requirements for modification of a final pretrial order.

Plaintiffs rely upon Federal Rule of Civil Procedure 15(b) [2] which provides:

**Rule 15. Amended and Supplemental Pleadings**

. . .

(b) **Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would

---

1. Plaintiffs seek to amend their answer and their defenses to Defendant's counterclaim.

2. Federal Rule of Civil Procedure 15(b) applies in this adversary proceeding. Fed. R. Bank. P. 7015.

prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Fed.R.Civ.P. 15(b)

Defendant, in opposition to Plaintiffs' motion to amend, relies upon Federal Rule of Civil Procedure 16 [3]. Rule 16(d) and (e) provides:

**Rule 16. Pretrial Conferences; Scheduling; Management**

. . .

**(d) Final Pretrial Conference.** Any final pretrial conference shall be held as close to the time of trial as reasonable under the circumstances. The participants at any such conference shall formulate a plan for trial, including a program for facilitating the admission of evidence. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

**(e) Pretrial Orders.** After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. *The order following a final pretrial conference shall be modified only to prevent manifest injustice.*

Fed.R.Civ.P. 16(d), (e) (emphasis added)

Plaintiffs, in their motion to amend, seek to amend their pleadings under Rule 15(b). Plaintiffs do not seek to modify the final pretrial order by showing "manifest injustice" under Rule 16(e).

Defendant contends that Rule 16(e) "trumps" Rule 15(b). Defendant contends that the final pretrial order supercedes Plaintiffs' pleadings and controls the trial of the adversary proceeding. Defendant contends that an amendment of the pleadings under Rule 15(b) would be futile. *See State Treasurer of the State of Michigan v. Barry,* 168 F.3d 8, 9–10 (11th Cir.1999) (pretrial order superseded the pleadings and had the effect of eliminating part of plaintiff's complaint); 2 *Moore's Manual: Federal Practice and Procedure* § 18.43[3] (2006) (final pretrial order supersedes the pleadings; defendant may waive a potential defense by failing to ensure that the issue is clearly preserved in the final pretrial order).

Plaintiffs cite a number of pre–1983 cases that hold that Rule 16 must be read in light of the more liberal Rule 15. *See Wallin v. Fuller,* 476 F.2d 1204 (5th Cir. 1973) (defendant, by failing to object at trial, impliedly consented to the trial of issues not raised in the pretrial order; amendment of pleadings under Rule 15(b) should be allowed). Rule 16 was amended in 1983 by adding subdivision 16(e). Defendant contends that the pre–1983 cases cited by Plaintiffs are distinguishable and are not relevant.

The Advisory Committee Notes to the 1983 amendment which added subsection (e) to Rule 16 states: "Rule 16(e) does not substantially change the portion of the original rule dealing with pretrial orders. . . . In the case of the final pretrial order, however, a more stringent standard is called for and the words 'to prevent manifest injustice,' which appeared in the original rule, have been retained." Advisory Committee Notes, 1983 Amendment, Discussion, Subdivision (e).

---

**3.** Federal Rule of Civil Procedure 16 applies in this adversary proceeding. Fed. R. Bank.

P. 7016.

The Court is persuaded that pleadings may be amended under Rule 15(b) even though a final pretrial order has been entered. *See Courtney v. Safelite Glass Corp.,* 811 F.Supp. 1466, 1474 (D.Kan.1992) (Rule 15(b) may be used to amend pleadings to include issues not raised in final pretrial order). *See also Barrett v. Fields,* 941 F.Supp. 980, 982 n. 1 (D.Kan.1996) (Rule 15(b) may be invoked to effect an amendment of the pretrial order); 6A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1491 (2nd ed. 1990 & Supp.2006).

Rule 15(b) provides that when issues not raised by the pleading are tried by express or implied consent of the parties, the issues shall be treated in all respects as if they had been raised in the pleading. Rule 15(b) also provides that if evidence is objected to at trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved and the admission of the evidence will not prejudice the objecting party.

■ Turning to the case at bar, Plaintiffs leased an Astra airplane from Defendant. Defendant contends that Plaintiffs defaulted on their October 2000 lease payment. Defendant sold the Astra to a third party. Plaintiff Holmes filed a petition under Chapter 11 of the Bankruptcy Code. Plaintiffs filed this adversary proceeding seeking in part a return of the security deposit made on the Astra. Defendant filed a counterclaim contending in part that it is entitled to retain the security deposit and to recover the "stipulated loss value" of the Astra under the terms of the Astra lease. During the trial of this adversary proceeding, Plaintiffs raised the issue that the "stipulated loss value" constitutes an unenforceable and illegal penal-

ty. Plaintiffs also raised the issue that Defendant had failed to properly demand that Plaintiffs pay the "stipulated loss value." The witnesses questioned on these issues are employees of Defendant. The documents examined are leases and other documents prepared by Defendant.

The penalty and demand issues concerning the "stipulated loss value" of the Astra are not expressly set forth in Plaintiffs' pleadings or in the final pretrial order. Plaintiffs argue that the terms "illegal, penalty, and demand" are used several times in the pleadings and in the final pretrial order. Plaintiffs contend that the issues of penalty and demand concerning the "stipulated loss value" were tried by implied consent of the parties. Plaintiffs contend that Defendant did not object to the questioning of witnesses on these issues except to argue that "demand" called for a legal conclusion. Defendant contends that it made timely objections.

Plaintiffs contend that Defendant, to recover on its counterclaim, must show that it is entitled to recover the stipulated loss value of the Astra under the Astra lease. The Astra lease was a "form lease" prepared by Defendant. Defendant has the burden of showing that it is entitled to recover the "stipulated loss value." Defendant must show that Plaintiffs were in default and that Defendant complied with its obligations under the Astra lease including making proper demand. The Court is persuaded that Defendant must also show that it is legally entitled to recover the stipulated loss value under the Astra lease and under relevant state law.

The Court is not persuaded that Defendant would suffer any prejudice. The witnesses questioned on the demand and penalty issues are employees of Defendant. The documents examined are leases and other documents prepared by Defendant. Defendant's counsel was prepared to cite

case law on the amendment issue after the close of the evidence. Thus, Defendant cannot contend that is was surprised by Plaintiffs' request for the Court to consider the demand and penalty issues.

The Court is persuaded that Plaintiffs' motion to amend the pleadings should be granted.

An order in accordance with this memorandum opinion shall be entered this date.